**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CARDSOFT, INC. and CARDSOFT (ASSIGNMENT FOR THE BENEFIT OF CREDITORS), LLC; <br><br> Plaintiffs, <br><br> v. <br><br> VERIFONE HOLDINGS, INC.; VERIFONE INC.; HYPERCOM CORPORATION; INGENICO S.A.; INGENICO CORP.; INGENICO INC.; WAY SYSTEMS, INC.; SHERA INTERNATIONAL LTD.; and BLUE BAMBOO (USA), INC.; <br><br> Defendants. | ) ) ) ) ) ) Civil Action No. _____ ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs CardSoft, Inc. and CardSoft (Assignment for the Benefit of Creditors), LLC (collectively "CardSoft") for their Complaint against Defendants VeriFone Holdings, Inc.; VeriFone, Inc.; Hypercom Corporation; Ingenico S.A.; Ingenico Corp.; Ingenico, Inc.; Way Systems, Inc.; Shera International Ltd.; and Blue Bamboo (USA), Inc. hereby allege:

## THE PARTIES

1.     Plaintiff CardSoft, Inc., is a corporation duly organized and existing under the laws of the state of Delaware with a principal place of business at 1100 La Avenida Street, Bldg. A, Mountain View, California 94043, United States of America. Plaintiff CardSoft (Assignment for the Benefit of Creditors), LLC is a limited liability corporation

duly organized and existing under the laws of the state of California with a principal place of business at 1100 La Avenida Street, Bldg. A, Mountain View, California 94043, United States of America.

2.      Upon information and belief, defendant VeriFone Holdings, Inc. is a corporation duly organized and existing under the laws of the state of Delaware with a principal place of business at 2099 Gateway Place, Suite 600, San Jose, California 95110, United States of America.

3.      Upon information and belief, defendant VeriFone, Inc. is a corporation duly organized and existing under the laws of the state of Delaware with a principal place of business at 2099 Gateway Place, Suite 600, San Jose, California 95110, United States of America.

4.      Upon information and belief, defendant Hypercom Corporation is a corporation duly organized and existing under the laws of the state of Delaware with a principal place of business at 2851 West Kathleen Road, Phoenix, Arizona 85053, United States of America.

5.      Upon information and belief, defendant Ingenico S.A. is a corporation duly organized and existing under the laws of France with a principal place of business at 192, avenue Charles de Gaulle, 92200 Neuilly sur Seine, France.

6.      Upon information and belief, defendant Ingenico Corp. is a corporation duly organized and existing under the laws of the state of Delaware with a principal place of business at 6195 Shiloh Road, Suite D, Alpharetta, Georgia 30005, United States of America.

7.      Upon information and belief, defendant Ingenico Inc. is a corporation duly organized and existing under the laws of the state of Georgia with a principal place of business at 1003 Mansell Road, Atlanta, Georgia 30076, United States of America.

8.      Upon information and belief, defendant Way Systems, Inc. is a corporation duly organized and existing under the laws of the state of Delaware with a principal place of business at 200 Unicorn Park, Woburn, Massachusetts 01801, United States of America.

9.      Upon information and belief, defendant Shera International Ltd. is a corporation duly organized and existing under the laws of Taiwan with a principal place of business at Suites 1-3, 16th Floor, Kinwick Centre, 32 Hollywood Road, Central, Hong Kong, Hong Kong SAR, Peoples Republic of China.

10.     Upon information and belief, defendant Blue Bamboo (USA), Inc. is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 801 International Parkway, 5th Floor  Lake Mary, Florida 32746, United States of America.

## JURISDICTION

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

12.     This Court has personal jurisdiction over the defendants in that each defendant has manufactured, sold and/or offered for sale, and/or aided and abetted others in making, selling and/or offering for sale, electronic point-of-sale ("ePOS") terminals which

are used, offered for sale, sold, and have been purchased in Texas, including in this judicial

district. This Court also has personal jurisdiction over the defendants in that each defendant

has established sufficient minimum contacts with this judicial district as a result of business

conducted within the State of Texas and within this judicial district.   The exercise of

jurisdiction over each defendant would not offend traditional notions of fair play and

substantial justice.

## VENUE

13.     Each of the defendants does business in this district, including providing

ePOS terminals which are used, offered for sale, sold, and have been purchased in Texas,

including in this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. §§

1331, 1338(a), 1391(b), (c) and (d) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 6,934,945

14.     On August 23, 2005, United States Patent No. 6,934,945 ("the '945 patent")

for a "Method and Apparatus for Controlling Communications" was duly and legally issued

to Ian Charles Ogilvy.  All rights and interest in the '945 patent have been assigned to the

plaintiff, CardSoft.  A true and correct copy of the '945 patent is attached hereto as Exhibit

A.

15.     Upon information and belief, Defendants VeriFone Holdings, Inc. and

VeriFone, Inc. (collectively "VeriFone") have infringed and continue to infringe the '945

patent.  The infringing acts include at least the manufacture, use, sale and/or offer for sale of

4

ePOS terminals, and inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals. VeriFone is liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271.

16.     VeriFone's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Verifone the damages sustained by CardSoft as a result of defendant's wrongful acts in an amount subject to proof at trial. VeriFone's infringement of CardSoft's rights under the '945 patent will continue to damage CardSoft's business, causing irreparable harm, for which there is no adequate remedy at law, unless VeriFone is enjoined by this Court.

17.     Upon information and belief, VeriFone's infringement of the '945 patent has been and continues to be willful and deliberate, entitling CardSoft to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

18.     Upon information and belief, Defendant Hypercom Corporation ("Hypercom") has infringed and continues to infringe the '945 patent. The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals. Hypercom is liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271.

19.     Hypercom's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Hypercom the damages sustained by CardSoft as a result of defendant's wrongful acts in an amount subject to proof at trial. Hypercom's

infringement of CardSoft's rights under the '945 patent will continue to damage CardSoft's business, causing irreparable harm, for which there is no adequate remedy at law, unless Hypercom is enjoined by this Court.

20. Upon information and belief, Hypercom's infringement of the '945 patent has been and continues to be willful and deliberate, entitling CardSoft to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

21. Upon information and belief, Defendants Ingenico S.A., Ingenico Corp. and Ingenico Inc. (collectively "Ingenico") have infringed and continue to infringe the '945 patent. The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals. Ingenico is liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271.

22. Ingenico's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Ingenico the damages sustained by CardSoft as a result of defendant's wrongful acts in an amount subject to proof at trial. Ingenico's infringement of CardSoft's rights under the '945 patent will continue to damage CardSoft's business, causing irreparable harm, for which there is no adequate remedy at law, unless Ingenico is enjoined by this Court.

23. Upon information and belief, Ingenico's infringement of the '945 patent has been and continues to be willful and deliberate, entitling CardSoft to increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

24.    Upon information and belief, Defendant Way Systems, Inc. ("Way") has infringed and continues to infringe the '945 patent. The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals. Way is liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271.

25.    Way's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Way the damages sustained by CardSoft as a result of defendant's wrongful acts in an amount subject to proof at trial. Way's infringement of CardSoft's rights under the '945 patent will continue to damage CardSoft's business, causing irreparable harm, for which there is no adequate remedy at law, unless Way is enjoined by this Court.

26.    Upon information and belief, Way's infringement of the '945 patent has been and continues to be willful and deliberate, entitling CardSoft to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

27.    Upon information and belief, Defendants Shera International Ltd. and Blue Bamboo (USA), Inc. (collectively "Shera") have infringed and continue to infringe the '945 patent. The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals. Shera is liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271.

7

28.     Shera's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Shera the damages sustained by CardSoft as a result of defendant's wrongful acts in an amount subject to proof at trial. Shera's infringement of CardSoft's rights under the '945 patent will continue to damage CardSoft's business, causing irreparable harm, for which there is no adequate remedy at law, unless Shera is enjoined by this Court.

29.     Upon information and belief, Shera's infringement of the '945 patent has been and continues to be willful and deliberate, entitling CardSoft to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,302,683

30.     On November 27, 2007, United States Patent No. 7,302,683 ("the '683 patent") for a "Method and Apparatus for Controlling Communications" was duly and legally issued to Ian Charles Ogilvy. All rights and interest in the '683 patent have been assigned to the plaintiff, CardSoft. A true and correct copy of the '683 patent is attached hereto as Exhibit B.

31.     Upon information and belief, VeriFone has infringed and continues to infringe the '683 patent. The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals. VeriFone is liable for infringement of the '683 patent pursuant to 35 U.S.C. § 271.

32.     VeriFone's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Verifone the damages sustained by CardSoft as a result of defendant's wrongful acts in an amount subject to proof at trial.  VeriFone's infringement of CardSoft's rights under the '683 patent will continue to damage CardSoft's business, causing irreparable harm, for which there is no adequate remedy at law, unless VeriFone is enjoined by this Court.

33.     Upon information and belief, VeriFone's infringement of the '683 patent has been and continues to be willful and deliberate, entitling CardSoft to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

34.     Upon information and belief, Hypercom has infringed and continues to infringe the '683 patent.  The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals.  Hypercom is liable for infringement of the '683 patent pursuant to 35 U.S.C. § 271.

35.     Hypercom's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Hypercom the damages sustained by CardSoft as a result of defendant's wrongful acts in an amount subject to proof at trial.  Hypercom's infringement of CardSoft's rights under the '683 patent will continue to damage CardSoft's business, causing irreparable harm, for which there is no adequate remedy at law, unless Hypercom is enjoined by this Court.

36.     Upon information and belief, Hypercom's infringement of the '683 patent has been and continues to be willful and deliberate, entitling CardSoft to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

37.     Upon information and belief, Ingenico has infringed and continues to infringe the '683 patent.  The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals.  Ingenico is liable for infringement of the '683 patent pursuant to 35 U.S.C. § 271.

38.     Ingenico's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Ingenico the damages sustained by CardSoft as a result of defendant's wrongful acts in an amount subject to proof at trial.  Ingenico's infringement of CardSoft's rights under the '683 patent will continue to damage CardSoft's business, causing irreparable harm, for which there is no adequate remedy at law, unless Ingenico is enjoined by this Court.

39.     Upon information and belief, Ingenico's infringement of the '683 patent has been and continues to be willful and deliberate, entitling CardSoft to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

40.     Upon information and belief, Way has infringed and continues to infringe the '683 patent.  The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and inducing and contributing to the manufacture, use, sale

and/or offer for sale of ePOS terminals. Way is liable for infringement of the '683 patent pursuant to 35 U.S.C. § 271.

41.     Way's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Way the damages sustained by CardSoft as a result of defendant's wrongful acts in an amount subject to proof at trial. Way's infringement of CardSoft's rights under the '683 patent will continue to damage CardSoft's business, causing irreparable harm, for which there is no adequate remedy at law, unless Way is enjoined by this Court.

42.     Upon information and belief, Way's infringement of the '683 patent has been and continues to be willful and deliberate, entitling CardSoft to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

43.     Upon information and belief, Shera has infringed and continues to infringe the '683 patent. The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals. Shera is liable for infringement of the '683 patent pursuant to 35 U.S.C. § 271.

44.     Shera's acts of infringement have caused damage to CardSoft, and CardSoft is entitled to recover from Shera the damages sustained by CardSoft as a result of defendant's wrongful acts in an amount subject to proof at trial. Shera's infringement of CardSoft's rights under the '683 patent will continue to damage CardSoft's business, causing irreparable harm, for which there is no adequate remedy at law, unless Shera is enjoined by this Court.

45.     Upon information and belief, Shera's infringement of the '683 patent has been and continues to be willful and deliberate, entitling CardSoft to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, CardSoft prays for judgment and seeks relief against each of the defendants as follows:

(a)     For judgment that the claims of the '945 patent and the '683 patent have been and/or continue to be infringed by such defendant;

(b)     For an accounting of all damages sustained by CardSoft as the result of such defendant's acts of infringement;

(c)     For preliminary and permanent injunctions enjoining the aforesaid acts of infringement by such defendant, its officers, agents, servants, employees, subsidiaries and attorneys, and those persons acting in concert with defendant, including related individuals and entities, customers, representatives, OEMs, dealers, distributors and importers;

(d)     For actual damages together with prejudgment interest, according to proof;

(e)     For enhanced damages pursuant to 35 U.S.C. § 284;

(f)     For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g)     For all costs of suit; and

(h)     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: 3-6-08

By: _____
Thomas W. Sankey (Texas Bar No. 17635670)
**DUANE MORRIS, LLP**
Suite 3150
3200 Southwest Freeway
Houston, TX 77027-7534
twsankey@duanemorris.com
Tel: (713) 402-3900
Fax: (713) 402-3901

Donald R. McPhail (DC Bar No. 444508)
**DUANE MORRIS, LLP**
505 9th Street, NW
Suite 1000
Washington, DC 20004-2166
drmcphail@duanemorris.com
Tel: (202) 776-7800
Fax: (202) 478-2516

Attorneys for Plaintiffs CARDSOFT, INC. and CARDSOFT
(ASSIGNMENT FOR BENEFIT OF CREDITORS), LLC.

13