**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CARDSOFT, INC. and CARDSOFT | § | |
| (ASSIGNMENT FOR THE BENEFIT OF | § | |
| CREDITORS), LLC., | § | |
|     Plaintiffs, | § | CIVIL ACTION NO. 2-08-CV-098 (TJW) |
| | § | |
| v. | § | |
| | § | |
| VERIFONE HOLDINGS, INC., VERIFONE | § | |
| INC., HYPERCOM CORPORATION, | | |
| INGENICO S.A., INGENICO CORP., | | |
| INGENICO INC. WAY SYSTEMS, INC., | | |
| SHERA INTERNATIONAL LTD., and BLUE | | |
| BAMBOO (USA) INC., | | |
|     Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Shera International Ltd. ("Shera") Motion to Dismiss for Lack

of Personal Jurisdiction.  (Dkt. # 66)  After reviewing the parties' briefs and applicable case law, the

court **DENIES** the motion for the reasons set forth below.

**I. Introduction**

Plaintiffs bring this patent infringement action against several defendants, including Shera.

Shera is a privately owned, international corporation organized under the laws of Hong Kong, China.

Shera's principal place of business in Shanghai, China. Defendant Blue Bamboo (USA) is one of

several wholly owned subsidiaries of Shera.  Shera argues that it does not have the sufficient contacts

with Texas to allow this court to exercise personal jurisdiction over it.  Shera posits it only is a far

removed parent company to Blue Bamboo; the entity that makes, uses, or sells, or offers for sale the

allegedly infringing products.  In the alternative, Shera maintains that if the court finds that it does

have sufficient contacts with Texas, to exercise personal jurisdiction over it would offend "the

traditional notions of fair play and substantial justice."  Plaintiffs urge they have met their burden

of presenting a prima facie case of personal jurisdiction.

Personal jurisdiction is governed by Federal Circuit law in patent cases.  *See Beverly Hills*

*Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564 (Fed.Cir.1994)*.* "Due Process requires ... that

in order to subject a defendant to a judgment in personam, if he be not present within the territory

of the forum, the must have certain minimum contacts with it such that the maintenance of the suit

does not offend "traditional notions of fair play and substantial justice." *International Shoe, Co. v.*

*Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)*.  Requiring purposeful minimum

contacts with the forum helps to ensure that non-residents have notice that a given activity may

subject them to litigation within that forum. *See World-Wide Volkswagen, Corp., v. Woodson,* 444

U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Additionally, specific jurisdiction exists if the

nonresident defendant "purposefully direct[s] [its] activities at the forum state and the litigation

results from alleged injuries that arise out of or relate to those activities." *Id.* (quoting *Burger King*

*Corp. v. Rudzewick*, 471 U.S. 462, 472 (1985)).

When the court decides a motion to dismiss without holding an evidentiary hearing, the

plaintiff only needs to make a prima facie showing of the facts on which jurisdiction is predicated.

*Alpine View Co.*, 205 F.3d at 215.  In deciding whether a prima facie case exists, the court must

accept as true the plaintiffs' "uncontroverted allegations, and resolve in [their] favor, all conflicts

between the facts contained in the parties' affidavits and other documentation." *Id.*

Shera has not denied that the allegedly infringing products are sold in the Eastern District of

Texas.  Shera only argues it is merely a far removed parent company to the company who performs

the allegedly infringing conduct.  Plaintiffs have pled facts supporting that this court enjoys personal

jurisdiction over Shera in this case.  Indeed, Plaintiffs urge Shera and Blue Bamboo have overlapping executives and management teams, and that Shera enjoys all of the revenues from the sales of the allegedly infringing products.  Additionally, Shera's website states that it "offers its customers a full suite of hardware devices, software systems, and service solutions for financial POS [point of sale] transactions . . ."  Those POS devices are at the center of this patent infringement action.

To survive a motion to dismiss, the plaintiffs do not have to prove the jurisdictional facts by a preponderance of the evidence, but need only make a prima facie showing of jurisdictional  facts. *Travelers Indem. Co. V. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986).  Plaintiffs have met this burden.  Eventually Plaintiffs will have to establish jurisdiction by a preponderance of the evidence.  Plaintiffs will have the burden of proving this issue by a preponderance of the evidence at the trial in this case.  Further, the court does not find that exercising personal jurisdiction over Shera "offends traditional notions of fair play and substantial justice."  This case involves a dispute arising under United States' patent laws and there is no indication that Plaintiffs would be entitled to relief in any other jurisdiction, particularly in a Chinese court.  Additionally, taking the plaintiffs' allegations as true, Shera could reasonably expect to be haled into court in Texas to account for its infringing activities here.

## II. Conclusion

Based on the foregoing, the court finds that Plaintiffs have made a prima facie showing of jurisdictional facts.  Shera's Motion to Dismiss, therefore, is **DENIED**.

SIGNED this 10th day of February, 2009.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE