**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CARDSOFT, INC. and CARDSOFT (ASSIGNMENT FOR THE BENEFIT OF CREDITORS), LLC,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 2:08-CV-00098** |
| **VERIFONE HOLDINGS, INC., VERIFONE, INC., HYPERCOM CORPORATION, INGENICO S.A., INGENICO CORP., WAY SYSTEMS, INC., SHERA INTERNATIONAL LTD., and BLUE BAMBOO (USA), INC.,** | § § § § § § § | |
| **Defendants.** | § | |

## AGREED PROTECTIVE ORDER

WHEREAS, discovery in the above-captioned civil action (the "Action") may involve the disclosure of software, documents, things and information in the possession, custody or control of Plaintiffs CardSoft, Inc. and CardSoft (Assignment for the Benefit of Creditors), LLC and Defendants Verifone Holdings, Inc., Verifone, Inc., Hypercom Corporation, Ingenico S.A., Ingenico Corp., WAY Systems, Inc., Shera International Ltd., and Blue Bamboo (USA), Inc. (collectively referred to herein as the "Parties"), and other entities and persons, that constitute or contain sensitive proprietary information, such as trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS, such secret, confidential, or proprietary information must be protected in order to preserve the legitimate business interests of the parties and other entities or persons; and

WHEREAS, the parties have stipulated to the entry of this protective order pursuant to Fed. R. Civ. P. 26(c), and it appearing to the Court that such an order is necessary and appropriate and will facilitate discovery;

THEREFORE, to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

## INFORMATION SUBJECT TO THIS ORDER

1.      For purposes of this Order, the term "CONFIDENTIAL INFORMATION" shall mean all information or material that is produced or disclosed by a Producing Party to a Receiving Party; which the Producing Party, including any party to this Action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, reasonably considers to constitute or to contain trade secrets or other confidential research, development, proprietary data, business or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the Producing Party.  Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this Action may be used only for purposes of litigating this Action.

2.      Any party or non-party witness in this Action may further designate their Confidential Information as "HIGHLY CONFIDENTIAL INFORMATION" provided that the Producing Party in good faith believes such information or material constitutes or contains non-

public proprietary financial or technical or commercially sensitive information that the Producing Party maintains as highly confidential in its business, including information obtained from a non-party pursuant to a current Nondisclosure Agreement, strategic plans, technical documents that would reveal trade secrets, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party, and which has been so designated by the Producing Party.

      3.     For purposes of this Order, the term "OUTSIDE COUNSEL EYES ONLY SOURCE CODE" shall mean Source Code, as defined herein, any descriptions thereof and related data so designated by the Producing Party.  OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be subject to the restrictions provided in paragraph 28 herein.

      4.     For purposes of this Order, the term "Source Code" shall mean software in any form, including source code, markup language code, object code, or similar highly confidential programming statements and/or instructions that in general are or can be converted into a form suitable for input to an assembler, compiler or other translator.

      5.     For purposes of this Order, the term "Trade Secret" shall mean information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

      (a)     Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and

      (b)     Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

6.      The term "Producing Party" shall mean the party or non-party who produces information to a party and who deems that information confidential.

7.      The term "Receiving Party" shall mean a party that receives information produced by a Producing Party.

8.      Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party.  Any document or tangible thing containing or including any HIGHLY CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "HIGHLY CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party.  Any document or tangible thing containing or including any OUTSIDE COUNSEL EYES ONLY SOURCE CODE may be designated as such by the Producing Party by marking it "OUTSIDE COUNSEL EYES ONLY SOURCE CODE" prior to or at the time copies are made available or furnished to the Receiving Party.

9.      Inadvertent or unintentional production of documents or information containing CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE that are not designated as such shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  If a Producing Party inadvertently discloses or produces any information that it deems to be CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE without so designating the information, the Producing Party shall promptly upon discovery of such inadvertent disclosure inform the Receiving Party in writing.  The Receiving Party shall thereafter treat the CONFIDENTIAL INFORMATION,

HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE as if it had always been so designated under this Protective Order.  Thereafter, the Producing Party shall have fourteen (14) days from the date of its written notice to provide properly marked documents.  Upon receipt of properly marked documents, the Receiving Party shall return or destroy said unmarked documents and things to the extent practicable.  To the extent that such information may already have been disclosed to persons not authorized to see the CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE, the Receiving Party shall make every reasonable effort to retrieve the information promptly from such persons or to assure that the recipient(s) maintain the confidentiality of the CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE and to limit any further disclosure to unauthorized persons.

10.     Testimony or information disclosed at a deposition that contains CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE may be designated as such by indicating on the record at the deposition the portions of the testimony containing such information.  Alternatively, the Producing Party may designate testimony, exhibits or information disclosed at a deposition or at trial, including exhibits, that contain CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE by notifying all parties in writing, within thirty (30) days from the date the deposition transcript becomes available to the Producing Party, of the specific pages and lines of the transcript or exhibits that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein)

of any deposition in its entirety shall be limited to outside counsel of record only, from the taking of the deposition until thirty (30) days from the date the deposition transcript becomes available to the Producing Party or until receipt of the notice referred to in this paragraph, whichever occurs sooner.  At the expiration of the said thirty (30) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

11.     Any court reporter or videographer who reports, transcribes or videotapes testimony in this Action shall not disclose any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION and OUTSIDE COUNSEL EYES ONLY SOURCE CODE, except pursuant to the terms of this Order.   To the extent that CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE is used in depositions, at hearings, or at trial, such information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony quoting or describing such information.

12.     In the event that any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE is used in any court proceeding in this Action, such information shall not lose its protection hereunder through such use.   The confidentiality of such materials shall be protected as determined and directed by the Court.

13.     In the case of expert reports, if any information designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE pursuant to this Order is specifically identified in, paraphrased, or attached to an expert's report, the report shall be marked on its

cover as, "Contains Confidential Information," "Contains Highly Confidential Information" and/or "Contains Outside Counsel Eyes Only Source Code," whichever is appropriate, and the portion of the report reflecting such information shall be stamped with the appropriate confidentiality designation, and access thereto shall be limited pursuant to the terms of this Order.  The party retaining the expert shall be responsible for the initial stamping of such report.

14.     All CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph 8, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

15.     Any documents (including physical objects) made available for initial inspection by outside counsel of record for the Receiving Party prior to producing copies of selected items shall be considered, as a whole, to constitute OUTSIDE COUNSEL EYES ONLY SOURCE CODE and shall be subjected to this Order.  Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE prior to furnishing copies to the Receiving Party.

16.     The following information is not CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE:

(a)     any information which at the time of disclosure to a Receiving Party is in the public domain;

(b)      any information which after disclosure to a Receiving Party becomes part of the public domain as a result of publication not involving a violation of this Order or any violation of law;

(c)      any information which a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and

(d)      any information which a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE.

## NO WAIVER OF PRIVILEGE

17.      Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work-product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work-product immunity or any other applicable privilege or immunity and requests return of such documents to the Producing Party.   Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced document(s) and shall immediately destroy the content of any such inadvertently produced document(s) in any Receiving Party work product.   The Receiving Party shall not use such information for any purpose until further Order of the Court.   Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity

designation by submitting a written challenge to the Court, but the challenge shall not assert as a ground for production the fact or circumstances of the inadvertent production or any information about the contents of the materials that was gained due to the inadvertent production.

**DISCLOSURE AND DISCOVERY RULES REMAIN UNCHANGED**

18.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Rules of Practice for Patent Cases before the United States District Court for the Eastern District of Texas, the Court's Docket Control Order, or any other order of the Court.

**PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION AND OUTSIDE COUNSEL EYES ONLY SOURCE CODE**

19.     CONFIDENTIAL INFORMATION shall be disclosed only to the following persons:

(a)     the parties' outside counsel of record in this Action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this Action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts and investigators;

(b)     subject to the requirements of paragraphs 22-26 herein, consultants and experts who have been retained by the Receiving Party or its outside counsel of record to provide assistance in this matter (with disclosure only to the extent necessary to perform such work) and who are not current or former employees of the Receiving Party;

(c)     subject to the requirements of paragraph 25 herein, two (2) current employees, two (2) in-house attorneys (including outside counsel who serve as in-house counsel and do not serve as outside counsel in this Action), and two (2) in-house paralegals (including paralegals of the outside counsel who serves as in-house counsel) of the Receiving Party with

responsibility for managing or evaluating this case, following identification of each employee, in-house attorney and/or paralegal to each of the other parties (in accordance with Paragraph 22 below) and approval by the other parties, such approval not to be unreasonably delayed or withheld;

(d)     graphics, translation, design, jury and/or trial consulting services providers, including mock jurors, retained by a party;

(e)     data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases; and

(f)     the Court, its technical advisor (if one is appointed), persons employed by the Court, jurors, mediators, and court reporters or videographers recording the testimony or argument at a hearing, trial or deposition in this Action or any appeal therefrom.

20.     HIGHLY CONFIDENTIAL INFORMATION shall be disclosed only to the following persons:

(a)     the parties' outside counsel of record in this Action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this Action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts and investigators;

(b)     subject to the requirements of paragraphs 22-26, consultants and experts who have been retained by the Receiving Party or its outside counsel of record to provide assistance in this matter (with disclosure only to the extent necessary to perform such work) and who are not current or former employees of the Receiving Party;

(c)     graphics, translation, design, jury and/or trial consulting services providers, including mock jurors, retained by a party;

(d)     data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases; and

(e)     the Court, its technical advisor (if one is appointed), persons employed by the Court, jurors, mediators, and court reporters or videographers recording the testimony or argument at a hearing, trial or deposition in this Action or any appeal therefrom.

21.     OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be disclosed only to the following persons:

(a)     the parties' outside counsel of record in this Action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this Action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts and investigators;

(b)     subject to the requirements of paragraphs 22-26 herein, consultants and experts who have been retained by the Receiving Party or its outside counsel of record to provide assistance in this matter (with disclosure only to the extent necessary to perform such work) and who are not current or former employees of the Receiving Party; and

(c)     subject to the requirements of paragraphs 22-26 herein, data processing, photocopy, document imaging and database vendors and consultants retained by outside counsel to a party to set-up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases, provided:  (i) such vendors and consultants – all individuals and an authorized representative of their company, if any - are provided in advance a copy of this

Protective Order and sign a Confidentiality Agreement in the form appended hereto as Attachment A; and (ii) electronic copies of OUTSIDE COUNSEL EYES ONLY SOURCE CODE may not be removed from the stand-alone computers on which it is stored in the offices of the Receiving Party's outside counsel of record or consultants and experts who have been retained by the Receiving Party's outside counsel of record; and

     (d)    the Court, its technical advisor (if one is appointed), persons employed by the Court, jurors, and court reporters or videographers recording the testimony or argument at a hearing, trial or deposition in this Action or any appeal therefrom.

     22.    Prior to disclosure of any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE to any consultant or expert, and prior to the disclosure of any OUTSIDE COUNSEL EYES ONLY SOURCE CODE to any vendor or consultant pursuant to Paragraph 21(c), the Receiving Party shall first give written notice to the Producing Party, who shall have ten (10) business days after such notice is given (plus three (3) business days if notice is given other than by hand delivery, e-mail transmission, or facsimile transmission) to object in writing.  The party desiring to disclose CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE to a consultant or expert or to disclose OUTSIDE COUNSEL EYES ONLY SOURCE CODE to a vendor or consultant pursuant to Paragraph 21(c) shall provide the curriculum vitae of such individual and the name of his or her company, if any, and shall include the following information about such individual and company in the written notice:

     (a)    business address;

     (b)    business title;

(c)      business or profession;

(d)      any previous or current relationship (personal or professional) with any of the parties; and

(e)      the security measures in place in the facility in which SOURCE CODE will be placed on a stand-alone computer.

23.      No CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be disclosed to such consultant or expert or to any vendor or consultant until after the expiration of the foregoing notice period.

24.      If during the notice period the Producing Party serves an objection upon the Receiving Party desiring to disclose CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE to the consultant or expert or to disclose OUTSIDE EYES ONLY SOURCE CODE to a vendor or consultant, there shall be no disclosure of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE to such individual or company pending resolution of the objection.  The Producing Party objecting to disclosure of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE to the individual or company shall provide an explanation of the basis of its objection, and consent to the disclosure of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE to the individual or company shall not be unreasonably withheld.  If a Producing Party objects to the disclosure of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL

EYES ONLY SOURCE CODE to a consultant or expert or vendor or consultant, the Receiving Party shall then have ten (10) business days after such objection is served (plus three (3) business days if the objection is served other than by hand delivery, e-mail transmission, or facsimile transmission) to respond to the objection.  The Producing Party shall then have ten (10) business days after such response is served (plus three (3) business days if response is served other than by hand delivery, e-mail transmission, or facsimile transmission) to file an objection with the Court and seek disqualification of the consultant or expert or vendor or consultant or other appropriate relief, if the parties cannot come to an agreement.  If the Producing Party fails to file an objection within the prescribed period, then any objection to the disclosure of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE to the consultant or expert and any objection to the disclosure of ATTORNEYS' EYES ONLY SOURCE CODE to a vendor or consultant is waived, and the CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE in question may be thereafter disclosed to such individual.  No document designated by a Producing Party as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be disclosed by a Receiving Party to a consultant or expert and NO ATTORNEYS' EYES ONLY SOURCE CODE shall be disclosed to a vendor or consultant until after the individual and, if applicable, an authorized representative of his or her company, has signed the Confidentiality Agreement appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms.  Such written agreement shall be retained by the outside counsel of record for the party that has retained the consultant or expert, and a copy of such written agreement shall be

produced to the Producing Party at the time such person is identified to the Producing Party pursuant to paragraph 22.

25.     Any person who receives CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to paragraph 19(c) must first sign the Confidentiality Agreement, in the form appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms.  Such written agreement shall be retained by outside counsel of record for the Receiving Party, and a copy of which shall be produced to the Producing Party at the time such person is identified to the Producing Party pursuant to paragraph 19(c).

26.     Prior to disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any graphics, translation, design, jury and/or trial consulting services, including mock jurors, data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases, mediators, and court reporters or videographers not employed by the Court, any such individual or an authorized representative of any such entity must execute a written Confidentiality Agreement in the form appended hereto as Attachment A.  Prior to disclosure of any OUTSIDE COUNSEL EYES ONLY SOURCE CODE to any court reporters or videographers not employed by the Court, any such individual or an authorized representative of any such entity must execute a written Confidentiality Agreement in the form appended hereto as Attachment A.  Such agreements shall be retained by the outside counsel of record obtaining it, but need not be disclosed to any other party.

27.     In the event of a disclosure of any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE to a person or persons not authorized to receive such information under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify the Producing Party and provide all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for having made such disclosure shall also promptly take all reasonable measures to retrieve the improperly disclosed information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

### RESTRICTIONS ON OUTSIDE COUNSEL EYES ONLY SOURCE CODE

28.     The following additional restrictions shall apply to the inspection and production of OUTSIDE COUNSEL EYES ONLY SOURCE CODE:

(a)     Two copies of OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be produced with each copy being produced on separate electronic readable media in an encrypted format.  Decryption keys shall be produced on separate media.

(b)     One copy of OUTSIDE COUNSEL EYES ONLY SOURCE CODE and decryption keys shall be maintained in the custody and control of the Receiving Party's outside counsel of record.  The second copy of OUTSIDE COUNSEL EYES ONLY SOURCE CODE and decryption keys shall be maintained in the custody and control of the Receiving Party's outside counsel of record or an expert or consultant retained by the Receiving Party's counsel of record and subject to the provisions of paragraphs 22-26 hereof.

(c)     OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be maintained by the Receiving Party's outside counsel of record and/or expert or consultant as

provided in Paragraph 28(b) on a "stand-alone" computer (that is, a computer not connected to a network, internet, or peripheral device except that the stand-alone computer may be connected to a non-networked printer).

(d)     No electronic copies of OUTSIDE COUNSEL EYES ONLY SOURCE CODE or any part thereof may be made by the Receiving Party or its outside counsel of record or experts or consultants.   OUTSIDE COUNSEL EYES ONLY SOURCE CODE may be compiled into executable code by the Receiving Party's outside counsel of record and/or expert or consultant, provided that all such executable code shall also be treated as OUTSIDE COUNSEL ONLY SOURCE CODE.

(e)     If any portion of OUTSIDE COUNSEL EYES ONLY SOURCE CODE is printed, the Receiving Party printing OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall put production numbers and the designation "OUTSIDE COUNSEL EYES ONLY SOURCE CODE" on the printouts.  The Receiving Party shall print only a reasonable number of pages of code as absolutely necessary.  Printouts maintained by the Receiving Party's outside counsel must be kept under lock and key at the office of outside counsel of record for the Receiving Party or at the office of the Receiving Party's expert or consultant.  Paper copies may not be converted into electronic format (including for emailing) EXCEPT as needed for filing and service of papers, motions, and pleadings as required by the Court, made under seal and for disclosure by those persons identified in Paragraph 21.  Paper copies of Source Code may not be removed from a secured container unless in a secured, private area.  Paper copies of code may not themselves be copied, except that paper copies of the source code may be copied and used as exhibits for a deposition, expert report, motion, or trial, provided that such copies are kept within a secure container during transport to and from deposition, trial, or service, and are otherwise

kept in a secure container at the offices of outside counsel of record or at the office of an expert approved under this protective order.  Any printed Source Code filed with the Court shall be filed under seal as provided in paragraph 34.  Only those individuals authorized and identified in paragraph 21 shall be allowed to access printed Source Code.  At the time of its first expert reports, the Requesting Party shall provide to the Producing Party a copy of all Bates numbered pages of electronic Source Code received under this provision, regardless of any other restrictions on expert discovery.

(f)     Only those persons identified in paragraph 21 may have access to the OUTSIDE COUNSEL EYES ONLY SOURCE CODE.  Under no condition may any person disclose, in whole or in part, copies of, or the substance of, the OUTSIDE COUNSEL EYES ONLY SOURCE CODE of the Producing Party to any unauthorized person, including any officers, directors, in-house counsel, former employees, employees, or non-litigation consultants of the Receiving Party.

(g)     At the conclusion of the case, any person who has received OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall destroy the hard drive of the computer on which the Source Code has been stored.

## PROSECUTION BAR

29.     Any person who receives or reviews information designated HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE may not participate either directly or indirectly (e.g., by advising) in the drafting or amending of any patent claims, or any other proceedings with the USPTO, relating to the subject matter of the HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE received or reviewed by the person in this lawsuit for a party to this case or any

of their successors in interest, from the time of receipt or review of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this Action.  Information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE may not be used, directly or indirectly, in the prosecution of patents for entities other than the Producing Party.  Any expert who reviews material protected by the prosecution bar must be submitted for clearance in advance per the procedures in this protective order.

### CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

30.     The parties will use reasonable care when designating documents or information as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY SOURCE CODE.  Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY SOURCE CODE have been improperly designated.  A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

31.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY SOURCE CODE designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on outside counsel of record for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated.  The parties shall

use their best efforts to resolve such disputes promptly and informally.  If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY SOURCE CODE designation.

### LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION AND OUTSIDE COUNSEL EYES ONLY SOURCE CODE

32.     CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION and OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION and OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

33.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE of which such person has prior knowledge as set forth below:

(a)     A present director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE which has been produced by that party;

(b)     A former director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all CONFIDENTIAL INFORMATION,

HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE of the Producing Party that established on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE that refers to matters of which the witness has personal knowledge, has been produced by that party, and pertains to the period or periods of his or her employment; and

(c)      Non-parties may be examined during deposition or testify concerning any document containing CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.

(d)      If a witness under sections (b) and (c) above is represented by an attorney who is not qualified under this Order to receive CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION and OUTSIDE COUNSEL EYES ONLY SOURCE CODE information, then prior to the examination, the attorney shall be requested to sign a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with

the terms of this Order and maintain the confidentiality of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION and OUTSIDE COUNSEL EYES ONLY SOURCE CODE disclosed during the course of the examination.  In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the parties, by their attorneys, shall jointly seek a Protective Order from the Court prohibiting such attorney from disclosing such CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE**.**

(e)     In addition to the restrictions on the uses of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION and OUTSIDE COUNSEL EYES ONLY SOURCE CODE set forth in this Order, the following shall apply to use of documents a party has designated as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE at a deposition:

(i)     Prior to the disclosure of any document designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY SOURCE CODE to any individual under sections (b) and (c) above, that individual shall first agree to limit disclosure of the contents of such document to those individuals allowed to see such documents under this Protective Order.

(ii)    The witnesses may not copy, take notes on, or retain copies of any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE used or reviewed at the deposition.  The witness may not take out of the deposition room any exhibit that is marked CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL

EYES ONLY SOURCE CODE**.** The Producing Party of any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the office of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of the Order).

34.	All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY SOURCE CODE or which contain information so designated, shall be filed in accordance with Local Rule CV-5(a)(7), or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL INFORMATION [OR HIGHLY CONFIDENTIAL INFORMATION OR OUTSIDE COUNSEL EYES ONLY SOURCE CODE] - UNDER PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

35.	Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys from disclosing or using, in any manner or for any purpose, its own

CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION OR OUTSIDE COUNSEL EYES ONLY SOURCE CODE.

36.     Nothing in this Protective Order shall prohibit the transmission or communication of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE between and among qualified recipients (a) in sealed envelopes by hand delivery or an established commercial overnight delivery service or (b) by facsimile or other electronic transmission systems, where there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

## NON-PARTY USE OF THIS PROTECTIVE ORDER

37.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit. In order to expedite non-party discovery, a copy of this Protective Order may be served with all non-party discovery.  However, a non-party may seek a different manner for designating its confidential information and material and different levels of protection for its confidential information and material.  Nothing in this Protective Order requires re-designation of previously-produced Confidential, Highly Confidential or Outside Counsel Eyes Only materials obtained from a non-party, and such non-party's designation may only be changed with the consent of the non-party or by order of the Court.  A non-party's use of this Protective Order to protect its CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION OR OUTSIDE COUNSEL EYES ONLY SOURCE CODE does not entitle that non-party access to CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION OR OUTSIDE COUNSEL EYES ONLY SOURCE CODE produced by any party in this case.

## MISCELLANEOUS PROVISIONS

38.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

39.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this Action, each Receiving Party shall, at its option, either return to the Producing Party or destroy all physical objects and documents designated CONFIDENTIAL, HIGHLY CONFIDENTIAL OR OUTSIDE COUNSEL EYES ONLY SOURCE CODE by a Producing Party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes, and other work product materials, which contain or refer to such CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE; provided, that all CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE, not embodied in physical objects and documents, shall remain subject to this Order.  Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain one copy of all pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial, except that no OUTSIDE COUNSEL EYES ONLY SOURCE CODE may be retained.  A representative of the Receiving Party shall certify under oath that such documents have been destroyed within sixty (60) days of the final determination of this Action.

40.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE for enforcement of the provisions of this Order following termination of this litigation.

41.     This Order shall be binding upon the parties and their attorneys, successors, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

42.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  This Order is only for the benefit of the parties to this litigation.  The Court shall take appropriate measures to protect CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION and OUTSIDE COUNSEL EYES ONLY SOURCE CODE at trial and any hearing in this case.

43.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, the Protective Order will be treated as though it had been "So Ordered."

44.     The United States District Court for the Eastern District of Texas, Marshall Division, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE produced under the

protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Marshall Division.

SIGNED this 1st day of October, 2009.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

**SO AGREED AND STIPULATED:**

_/s/ Donald R. McPhail_

Gregory M. Luck
Texas Bar No. 12666380
gmluck@duanemorris.com
Thomas W. Sankey
Texas Bar No. 17635670
twsankey@duanemorris.com
DUANE MORRIS, LLP
3200 Southwest Freeway, Suite 3150
Houston, TX  77027-7534
Phone: 713.402.3900
Fax:  713.402.3901

Donald R. McPhail
DC Bar No. 444508
Barry Golob _pro hac vice_
John Matthew Biard _pro hac vice_
Ryan Terrell Hardee _pro hac vice_
DUANE MORRIS, LLP
505 9th Street, N.W., Suite 1000
Washington, DC  20004-2166
Phone:  202.776.7800
Fax:  202.478.2516
E-mail:  drmcphail@duanemorris.com

Lauren E. DeBruicker
Pennsylvania Bar No. 82421
DUANE MORRIS, LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Phone:  .215.979.1198
Fax:  215.689.2135
E-mail:  ledebruicker@duanemorris.om

**ATTORNEYS FOR PLAINTIFF CARDSOFT,
INC. AND CARDSOFT (ASSIGNMENT FOR
THE BENEFIT OF CREDITORS), LLC**

*/s/ Robert W. Kantner*
Robert W. Kantner
Texas State Bar No. 11093900
Attorney in Charge
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas  75201-4629
Phone: 214.743.4544
Fax: 972.813.6256
E-mail: Robert.Kantner@dlapiper.com

William G. Goldman
California Bar No. 203630
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA  94303
Phone:  650.833.2000
Fax:  650.833.2001
E-mail: bill.goldman@dlapiper.com

Of counsel:

Melissa Richards Smith
Texas State Bar No. 24001351
Gillam & Smith
303 South Washington Avenue
Marshall, Texas  75670
Phone: 903.934.8450
Fax: 903.934.9257
E-mail: melissa@gillamsmithlaw.com

**ATTORNEYS FOR DEFENDANT
HYPERCOM CORPORATION**

*/s/ Owen Dukelow*
Peter E. Heuser
Oregon State Bar No. 811281
Owen Dukelow
Oregon State Bar No. 965318
Brantley C. Shumaker
Oregon State Bar No. 065093
Kolisch Hartwell, P.C.
520 S.W. Yamhill, Suite 200
Portland, Oregon  97204
Phone: 503.224.6655
Fax: 503.295.6679

E. Glenn Thames, Jr.
State Bar No. 00785097
Potter Minton
500 Plaza Tower
110 North College Avenue
Tyler, Texas  75702
Phone: 903.597.8311
Fax: 903.593.0846
E-mail: glennthames@potterminton.com


**ATTORNEYS FOR DEFENDANTS
VERIFONE, INC. AND VERIFONE
HOLDINGS, INC.**

*/s/ Melvin R. Wilcox, III*
Melvin R. Wilcox, III
State Bar No. 21454800
YARBROUGH & WILCOX, PLLC
100 E. Ferguson St.
Tyler, TX  75702
Phone: 903.595.1133
Fax:  903.595.0191

Of counsel:

Larry S. Nixon
James T. Hosmer
Jonathon T. Reavill
Gordon P. Klancnik
Nixon & Vanderhye, P.C.
901 North Glebe Road
11th Floor
Arlington, Virginia  22203
Phone: 703.816.4000
Fax: 703.816.4100

**ATTORNEYS FOR DEFENDANTS
INGENICO S.A., INGENICO CORP. AND
INGENICO, INC.**

*/s/ David Burgert*
David Burgert
LEAD ATTORNEY
State Bar No. 03378300
dburgert@porterhedges.com
Jim D. Aycock, Jr.
State Bar No. 24034309
jaycock@porterhedges.com
Paul A. Dyson
State Bar No. 24059704
PORTER & HEDGES, LLP
1000 Main Street, 36th Floor
Houston, TX  77002-6336
Phone: 713.226.6668
Fax:  713.226.6268

**ATTORNEYS FOR DEFENDANTS SHERA INTERNATIONAL, LTD AND BLUE BAMBOO (USA), INC.**

ATTACHMENT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CARDSOFT, INC. and CARDSOFT (ASSIGNMENT FOR THE BENEFIT OF CREDITOR), LLC,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 2:08-CV-00098** |
| **VERIFONE HOLDINGS, INC.; VERIFONE, INC.; HYPERCOM CORPORATION; INGENICO S.A.; INGENICO CORP.; WAY SYSTEMS, INC.; SHERA INTERNATIONAL LTD.; and BLUE BAMBOO (USA), INC.;** | § § § § § § | |
| **Defendants.** | § § | |

**CONFIDENTIALITY AGREEMENT**

I, _____, state:

1.      I reside at _____.

2.      My present employer is _____, and my present occupation or job title is_____.

3.      I have read and understood the Protective Order dated _____, 2009, entered in this case, and I agree to be bound by its terms.

4.      I agree to keep confidential all information designated under the Protective Order that is provided to me in the matter of *Cardsoft, Inc. and Cardsoft (Assignment for the Benefit of Creditors), LLC v. Verifone Holdings, Inc., Verifone Inc., Hypercom Corporation, Ingenico S.A., Ingenico Corp., Way Systems, Inc., Shera International Ltd., and Blue Bamboo (USA), Inc.,* and to be subject to the authority of the United States District Court for the Eastern District of Texas, Marshall Division in the event of any violation of this agreement or dispute related to this agreement.

5.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2009.


                                         _____