**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CARDSOFT, INC., et al. | § § | |
| v. | § § | Case No. 2:08-CV-98-RSP |
| VERIFONE SYSTEMS, INC., et al. | § § | |

## MEMORANDUM ORDER

Before the Court is VeriFone's Motion for Leave to Supplement Invalidity Contentions (Dkt. No. 230, filed August 8, 2011), Hypercom's Notice of Joinder in VeriFone's motion (Dkt. No. 234, filed August 19, 2011), and CardSoft's Motion to Strike the invalidity contentions (Dkt. No. 232, filed August 18, 2011). Because VeriFone has not shown good cause exists for amending its invalidity contentions, VeriFone's motion is **DENIED**, and CardSoft's motion is **GRANTED**.

## APPLICABLE LAW

A party's invalidity contentions are deemed to be the party's final invalidity contentions unless amendment or supplementation is permitted by the Local Patent Rules. P.R. 3-6. In limited circumstances, amendment of invalidity contentions is permitted as of right. P.R. 3-6(a). Otherwise, amendment "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). The Court considers four factors to determine whether good cause has been shown: (1) the explanation for the party's failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice from allowing the amendment, and (4) the availability of a continuance to cure such prejudice. *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

## DISCUSSION

VeriFone seeks leave to amend its invalidity contentions to include two additional prior art references: 1) the Omni 300 prior art and 2) the Open Terminal Architecture (OTA) prior art.

VeriFone's invalidity contentions were due in 2009. VeriFone explains that CardSoft amended its infringement contentions on August 12, 2010 to include the Omni 3200, Omni 3200 SE, Omni 3210, and Omni 3210 SE payment terminals. Dkt. No. 230 at 3. At that point, VeriFone's counsel began to review all 251 pages of the infringement contentions and all the cited documents, requiring "many hours which was spread out over several months." *Id.* In the course of this review, counsel determined that these payment terminals used the TXO software, which was different from the software used by the previously accused payment terminals. *Id.* In April 2011, VeriFone found the Omni 300 Programmers Manual Guide from 1994, which discloses the TXO software used by the Omni 300 payment terminal. *Id.* Although the Omni 300 is not accused of infringement, VeriFone maintains that this same software is used by the newly accused Omni 3200 payment terminals. *Id.* In April and May 2011, VeriFone's counsel searched for "prior art disclosing the Open Terminal Architecture and payment terminals programmed with the Open Terminal Architecture," and discovered the Open Terminal Architecture Specification. *Id.* at 4. VeriFone waited until May 2011 to produce the references that it found. *Id.* VeriFone waited until August 5, 2011 to serve amended invalidity contentions based upon these references. *Id.* at 5.

CardSoft argues that its original infringement contentions, which were served on June 15, 2009, provided ample notice to enable VeriFone to discover these prior art references. Dkt. No. 242 at 3. Although the Omni 3200, Omni 3200 SE, Omni 3210, and Omni 3210 SE payment terminals were not accused at that time, the infringement contentions did accuse "the Omni 3000 family of terminals (including Omni 3350 and Omni 3750 and any past, present or future

variants and generations" of infringement.  *Id.*  CardSoft notes that as of April 2011, the Markman hearing was set for July 20, 2011, and was eventually held on August 8, 2011.  *Id.*

The Court is not satisfied that VeriFone acted diligently to discover the Omni 300 and OTA prior art.  These references are related to VeriFone's own products, which it should have uncovered even if CardSoft never accused the Omni 3200 payment terminals of infringement.  Furthermore, it took VeriFone nearly eight months to produce the references, and then another four months to disclose its invalidity contentions based upon the references.  The Court is not persuaded that this shows diligence on VeriFone's part.  VeriFone's lack of an adequate explanation to explain its delay weighs strongly against granting leave.

The importance of these references are quite clear, which weighs in favor of granting VeriFone leave to amend.  However, their importance only adds to the prejudice suffered by CardSoft because it was deprived of a meaningful opportunity to consider these references during the claim construction process.  Because claim construction was nearly over by the time VeriFone disclosed its invalidity contentions based on the Omni 300 and OTA prior art, and claim construction is now complete, a continuance is not available to cure CardSoft's prejudice.  The Court concludes that VeriFone has not shown that good cause exists to grant VeriFone leave to amend its invalidity contentions.  Accordingly, the Court **DENIES** VeriFone's Motion for Leave to Amend its Invalidity Contentions (Dkt. No. 230), and **GRANTS** CardSoft's Motion to Strike VeriFone and Hypercom's Invalidity Contentions (Dkt. No. 232).

**SIGNED this 28th day of May, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE