**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

CARDSOFT, INC., et al.                  §
                                        §
        v.                              §        Case No. 2:08-CV-98-RSP
                                        §
VERIFONE SYSTEMS, INC., et al.          §

<u>**MEMORANDUM ORDER**</u>

Before the Court are Plaintiff CardSoft's Omnibus Motions *in Limine* (Dkt. No. 350, filed May 24, 2012) and Defendants' Omnibus Motions *in Limine* (Dkt. No. 346, filed May 23, 2012). The Court heard argument during the pretrial hearing held on May 30, 2012.

The Court's ruling on a motion *in limine* is not a definitive ruling on the admissibility of evidence. An order granting a motion *in limine* is an order to approach the bench and seek leave from the Court prior to presenting the evidence covered by the order to the jury. Similarly, an order denying a motion *in limine* does not relieve a party from making an objection at trial.

**PLAINTIFF'S MOTIONS *IN LIMINE***

1.      Any Attempts to Contradict the Court's Claim Constructions, Reference Positions Taken in the Claim Construction Process, or Solicit Fact and Expert Testimony That Does Not Conform to the Markman Order is DENIED. Although the Court agrees with the general proposition of the motion, the motion is denied because it does not identify any evidence in particular that should be excluded and therefore would be impractical to enforce as a motion *in limine*.

2.      Any Evidence, Testimony, Argument, or Other Suggestion that the Claims are Limited to Specific Embodiments Disclosed in the Patent Specification, or CardSoft's Commercial Software Products is GRANTED AS MODIFIED: No party may argue that the claims

are limited to a specific embodiments, but may refer to an embodiment in the context of explaining the patent.

3.    Any Evidence, Testimony, Statement, or Reference Regarding Invalidity of the Patents-In-Suit is DENIED.

4.    Alternatively, Any Reference to Prior Art Other Than the Items and Theories Disclosed in Writing to CardSoft in Their Operative Invalidity Contentions of September 21, 2009 is DENIED AS MOOT.

5.    Any Evidence, Testimony, or Reference to an Award of Attorneys' Fees is GRANTED.

6.    Any Evidence, Testimony, or Reference to Either Party's Withdrawal of Any Claims, Counterclaims, or Defenses is GRANTED.

7.    Any Evidence, Testimony, or Reference to the Workload of the PTO or Any Attempt to Collaterally Attack the Presumption of Validity is GRANTED AS AGREED.

8.    Any Evidence, Testimony, or Reference Suggesting that the Patents-in-Suit Issued Under the Wrong Obviousness Standard or that the Obviousness Standard Has Changed is GRANTED AS AGREED.

9.    Any Evidence, Testimony, or Reference Regarding Defendants' Equitable Defenses of Laches, Waiver, Equitable Estoppel, Unclean Hands and Inequitable Conduct is GRANTED AS AGREED.

10.    Any Evidence, Testimony, or Reference to CardSoft's Attorneys Representing CardSoft on a Contingency Fee Basis is GRANTED.

11.    Any Evidence, Testimony, Argument, or Other Reference to (1) Any Jury Study or Focus Study Groups That Have Been Conducted by Either Party or (2) The Use by Either Party of a Shadow Jury or Jury Consultant During Trial is GRANTED AS AGREED.

12.     Any Evidence, Testimony, or Reference to Defendants' Patents That Allegedly Relate to the Accused Products is GRANTED AS MODIFIED:  Defendants may refer to the Cowan reference.

13.     (No motion filed.)

14.     References to Texas Generally, or the Eastern District of Texas Specifically, as Venue, and the Relationship Between CardSoft's Counsel and Judge Davis is GRANTED.

15.     Any Evidence, Testimony, or Reference By VeriFone that the Accused Instrumentalities Do Not Infringe the Patents In Suit Based on Source Code Not Produced in This Litigation is DENIED.

## DEFENDANTS' MOTIONS *IN LIMINE*

1.     Undisclosed Opinion Testimony Is Not Permitted is DENIED.

2.     Theories of Infringement and Accused Devices Beyond Those Stated in Plaintiffs' Infringement Contentions is DENIED.

3.     Cole's Opinion that Dr. Nettles is Not Following this Court's Claim Constructions is DENIED.

4.     Defendants' Decisions Not to Rely on Opinions is GRANTED AS AGREED.

5.     Ogilvy as Trial Witness is DENIED.

6.     Use of Full Sale Price of Accused Terminals in Violation of Entire Market Value Rule is DENIED.

7.     Use of Other Licenses to Prove Reasonable Royalty Damages is DENIED.

8.     Use of Defendants' Settlement Agreements in Syspatronic Case is DENIED.

9.     Use of Shera/Blue Bamboo's Settlement Agreement in This Case is DENIED.

10.    Mr. Kantner's Prior Representation of Shera/Blue Bamboo and WAY Systems is GRANTED AS AGREED.

11.     Prior Requests for Stipulations and Complaints About Defendants' Refusal to Stipulate is GRANTED AS AGREED.

12.     Requests for Stipulations during Trial is GRANTED AS AGREED.

13.     Decisions Not to Call Witnesses is GRANTED AS AGREED.

14.     Commitment from Jury Panel is GRANTED AS AGREED.

15.     Possibility or Lack of Possibility of Injunction is GRANTED AS AGREED.

16.     Joint Defense Agreement is GRANTED AS AGREED.

17.     Focus Group is GRANTED AS AGREED.

18.     Rulings on Motions is GRANTED AS AGREED.

19.     The Filing of This Motion and Objections to Evidence During Trial is GRANTED AS AGREED.

**SIGNED this 4th day of June, 2012.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE