**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CARDSOFT, INC., et al. | § § | |
| v. | § § | Case No. 2:08-CV-98-RSP |
| VERIFONE HOLDINGS, INC., et al. | § § | |

## MEMORANDUM ORDER

On June 8, 2012, a jury returned a verdict finding that Defendants VeriFone Systems, Inc. and VeriFone, Inc. (collectively, "VeriFone") infringe claim 11 of U.S. Patent No. 6,934,945 and claim 1 of U.S. Patent No. 7,302,683.  (Verdict, Dkt. No. 389.)  The jury found that the asserted claims are not invalid as anticipated. (*Id.*)  The jury awarded $13,148,958.00 in damages for VeriFone's infringement, and applied a running royalty rate of $3.00 per unit.  (*Id.*)  Before the Court are Defendant VeriFone Systems, Inc.'s and VeriFone, Inc.'s Renewed Motion for Judgment as a Matter of Law (hereinafter "JMOL Mot.", Dkt. No. 425) and Corrected Motion for New Trial (hereinafter "NT Mot.", Dkt. No. 432).

## APPLICABLE LAW

### A.  Judgment as a Matter of Law

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a) & (b).  "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008).

Under Fifth Circuit law, a court is "especially deferential" to a jury's verdict, and will not reverse the jury's findings unless they are not supported by substantial evidence. *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). A motion for judgment as a matter of law must be denied "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Id*. at 498 (citation omitted). In other words, "[t]here must be more than a mere scintilla of evidence in the record to prevent judgment as a matter of law in favor of the movant." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007).

The Court must review all evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

**B. New Trial**

After a jury trial, the Court may grant a new trial on all or some issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). When a motion for a new trial questions the sufficiency of the evidence, the Court must review all the evidence "in a light most favorable to the jury's verdict" and the motion must be denied "unless the evidence points so strongly and overwhelmingly in favor of

one party that the court believes that reasonable persons could not arrive at a contrary conclusion." *Dawson v. Wal-Mart Stores, Inc.*, 972 F.2d 205, 208 (5th Cir. 1992).

## DISCUSSION

### A. Direct Infringement

To prove infringement, the patentee must show the presence of every element or its equivalent in the accused device. *Lemelson v. United States*, 752 F.2d 1538, 1551 (Fed. Cir. 1985). Determining infringement is a two-step process: "First, the claim must be properly construed, to determine the scope and meaning. Second, the claim, as properly construed must be compared to the accused device or process." *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1129 (Fed. Cir. 2011) (citing *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). To infringe a means-plus-function limitation, "the relevant structure in the accused device [must] perform the identical function recited in the claim and be identical or equivalent to the corresponding structure in the specification." *Odetics, Inc. v. Storage Tech. Corp.*, 185 F3d 1259, 1267 (Fed. Cir. 1999). "A determination of infringement is a question of fact that is reviewed for substantial evidence when tried to a jury." *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1311 (Fed. Cir. 2007).

#### 1. "Virtual Function Processor" and "Function Processor Instructions"

VeriFone contends that CardSoft failed to present substantial evidence that the Verix or Verix V terminals meet the "virtual function processor" and "function processor instructions" limitations. (JMOL Mot. at 5-8.) VeriFone also contends that the jury's finding that the limitations are present was against the great weight of the evidence and that a new trial is warranted. (NT Mot. at 6-7.) Both limitations are found in the two asserted claims. The Court found that "virtual function processor" means "software which controls and/or selects general operations of a communication device." (Claim Construction Order at 20, Dkt. No. 251.)

"Function processor instructions" means "a set of instructions that control operation of the communications device." (*Id.* at 25.)

At trial, CardSoft presented Joe Tipton Cole as its technical expert. As VeriFone concedes, Mr. Cole testified that the "virtual function processor" limitation is met in the Verix and Verix V terminals by the "main task" described in PTX 155 (the Verix V Operating System Programmers Manual), and by the "application idle engine" described in PTX 154 (the Verix/Verix V ACT2000 Programmers Manual). (JMOL Mot. at 5.) Therefore, there was substantial evidence to support the jury's finding that the "virtual function processor" limitation is present in the Verix and Verix V terminals. Moreover, the jury's finding was not against the weight of the evidence.

CardSoft also presented evidence that the Verix and Verix V terminals have "function processor instructions." Mr. Cole testified that the *GO instruction is an example of the "function processor instructions," and that this instruction is used to start the "main task." (6/5 a.m. Tr. 54:25-55:19.) Mr. Cole explained that PTX 155 shows that the "main task" is able to call other additional tasks. (*Id.* at 55:18-56:5.) PTX 155 states that the additional tasks "perform[] a specialized function such as printing a receipts, handling device input and output, modem communications, or controlling the overall program flow . . . ." (PTX 155 at 159, Dkt. No. 443-5.) Mr. Cole also explained to the jury how the application processing flow chart shown in PTX 154 (Verix/Verix V ACT2000 Programmers Manual) is evidence of "function processor instructions." Mr. Cole explained that the flow chart shows that "virtual function processor" detects an event and then "kick[s] off" the "function processor instructions" to process the event. (6/5 a.m. Tr. 57:1-58:14.)

VeriFone argues Mr. Cole improperly "merged the function processor instructions limitation into the virtual function processor limitation." (JMOL Mot. at 5-7.) Although Mr. Cole discussed evidence concerning both limitations at the same time, the record shows that Mr. Cole pointed to different parts of the Verix and Verix V operating systems for each limitation. Therefore, the Court finds that Mr. Cole's direct infringement opinion was not improper. The Court finds that there is substantial evidence to support the jury's finding that the "function processor instructions" limitation is present in the Verix and Verix V terminals, and that this finding was not against the weight of the evidence.

### 2. "Virtual Message Processor"

In its renewed motion for judgment of a matter of law, VeriFone argues that CardSoft failed to offer substantial evidence to support the jury's finding that Verix and Verix V terminals have a "virtual message processor" because none of the "virtual message processors" identified by Mr. Cole "assembled, disassembled or compared messages for communications between the terminal and the bank." (JMOL Mot. at 8-9.) VeriFone raises the same issue in its motion for a new trial. (NT Mot. at 8-9.) CardSoft objects to this portion of the motion because it raises a new ground for judgment as a matter of law that was not present in VeriFone's pre-verdict motion for judgment as a matter of law. (JMOL Resp. at 11.)

"It is well-settled in [the Fifth Circuit] that a motion for judgment as a matter of law filed post verdict cannot assert a ground that was not included in the motion for judgment as a matter of law made at the close of the evidence." *Morante v. American General Financial Center*, 157 F.3d 1006, 1010 (5th Cir. 1998). "It would be a constitutionally impermissible re-examination of the jury's verdict for the district court to enter judgment n.o.v. on a ground not raised in the motion for a directed verdict." *Id.* (quoting *Sulmeyer v. Coca Cola Co.*, 515 F.2d 835, 846 n.17 (5th Cir. 1975)).

In its pre-verdict motion, VeriFone limited its motion to the alleged failure of CardSoft to show that the "virtual message processor" was called by a "virtual function processor":

> VeriFone's terminals do not have at least the following claim elements, and VeriFone limits this motion to these elements for the purpose of judicial efficiency without conceding the presence of other claim elements in VeriFone's terminals: . . .
>
> 5. no virtual message processor, specifically no virtual message processor which is arranged to be called by the function processor.
>
> * * *
>
> VeriFone is entitled to judgment of noninfringement as a matter of law, because plaintiffs have set forth no evidence that any of the components mentioned as a possible "virtual message processor" is "arranged to be called" by any of the components mentioned as a possible "virtual function processor."

(Pre-Verdict JMOL Mot. at 9 and 12, Dkt. No. 381.)  The Court agrees with CardSoft that VeriFone's pre-verdict motion was not sufficient to put CardSoft on notice of the particular grounds that it is now urging.

Moreover, the original basis for judgment as a matter of law was not re-urged in VeriFone's renewed motion for judgment as a matter of law.  Because VeriFone's renewed motion for judgment as a matter of law with respect to the "virtual message processor" relies solely on a new basis for judgment as a matter of law, it must be denied.  With respect to VeriFone's motion for a new trial, the Court has considered the evidence presented with respect to "virtual message processor" limitation and concludes that the jury's finding is not against the weight of the evidence.

### 3. "Message Instruction Means"

VeriFone contends that CardSoft failed to present substantial evidence that VeriFone's terminals satisfy the "message instruction means" limitation on two separate grounds: (1) that CardSoft failed to show that a "message instruction means" in the VeriFone terminals provides

directions for operation of the virtual message processor; and (2) that CardSoft failed to show that the "message instruction means" in the VeriFone terminals is identical or equivalent to the structure disclosed in the patent. (JMOL Mot. at 10-12.) VeriFone raises the same issues in its motion for a new trial. (NT Mot. at 10-11.)

The "message instruction means" is a means-plus-function limitation that is subject to the provisions of 35 U.S.C. § 112, paragraph 6. The claim term has the function of "providing directions for operation of the virtual message processor." (Claim Construction Order at 24.) The claim term's corresponding structure is disclosed in the patent at "13:29-14:2; 15:23-34; Figure 11 and Figure 8, and equivalents thereof." (*Id.*) During the trial, Mr. Cole recited the Court's construction of the term "message instruction means," and explained that the "message instruction means" in the VeriFone terminals satisfies "the function of providing directions for operation of the virtual message processor . . . and it does this by employing a structure that looks like Figure 11 in the patent." (6/5 a.m. Tr. 59:16-60:1.) Mr. Cole then explained the data structures used to accomplish this function with reference to those described in PTX 154 (Verix/Verix V ACT2000 Programmers Manual). (*Id.* at 60:2-63:9.) In light of the foregoing evidence, the Court finds that there was substantial evidence to support the jury's finding that the "message instruction means" identified in the VeriFone terminals provides directions for the operation of the virtual message processor.

Turning to VeriFone's second basis for judgment as a matter of law (that the accused structure must be identical or equivalent to the disclosed structure), CardSoft contends that this basis was not argued in VeriFone's pre-verdict motion and is therefore not properly raised for the first time in VeriFone's renewed motion. (JMOL Resp. at 14.)

With respect to the "message instruction means" limitation, VeriFone's pre-verdict motion only raised the issue of whether the structure in the VeriFone terminals satisfied the required function:

> VeriFone's terminals do not have at least the following claim elements, and VeriFone limits this motion to these elements for the purpose of judicial efficiency without conceding the presence of other claim elements in VeriFone's terminals: . . .
>
> 4. no message instruction means, specifically no message instruction means having the function of providing directions for operation of the virtual message processor . . .
>
> \* \* \*
>
> Wholly absent, however, from Mr. Cole's testimony is any identification of how any of these possible message instruction means provide directions for operation of the virtual message processor. Therefore, no evidence shows this claim element in VeriFone's terminals, and summary judgment is appropriate.

(Pre-Verdict JMOL Mot. at 9 and 11, Dkt. No. 381.) Because VeriFone's pre-verdict motion for judgment as a matter of law did not raise the issue of whether the accused "message instruction means" structure is identical or equivalent to that disclosed in the asserted patent and failed to put CardSoft on notice of this issue, VeriFone's motion for judgment as a matter of law on this ground must be denied.

The Court has considered both grounds that have been raised in VeriFone's motion for a new trial. In light of the foregoing evidence and the evidence cited by the parties, the Court concludes that the jury's finding that the "message instruction means" is present in VeriFone's terminals is not against the weight of the evidence. The Court is satisfied that the evidence shows that any differences between the structure show in Figure 11 of the patent and the structure found in VeriFone's terminals are insubstantial.

### 4. "Virtual Machine Means" and "Emulatable"

VeriFone moves for judgment as a matter of law and a new trial on several grounds relating to the sufficiency of the evidence for the "virtual machine means" and "emulatable" limitations. (JMOL Mot. at 13-19; NT Mot. at 12-15.) The asserted claims require a "virtual machine means," which is "a computer programmed to emulate a hypothetical computer for applications relating to transport of data." (Claim Construction Order at 14.) The asserted claims specify that "the virtual machine means is emulatable in different computers having incompatible hardwares or operating systems." '945 Pat., cl. 1 and '683 Pat., cl. 1. The Court found that this limitation means that the "virtual machine means" is "capable of executing programs on different computers having incompatible hardware or operating systems." (Claim Construction Order at 17.)

First, VeriFone argues that CardSoft failed to present any evidence that VeriFone's terminals have a "virtual machine means," or that the "virtual machine means" satisfies the "emulatable" limitation. (JMOL Mot. at 13-14.) VeriFone argues that Mr. Cole skipped over the "virtual machine means" limitation and improperly merged the limitation with the "emulatable" limitation. (*Id.*)

Mr. Cole testified that the "emulatable" limitation is met by the VeriFone terminals because the Verix operating systems run on several different processors. (6/5 a.m. Tr. 67:12-70:14.) Although Mr. Cole offered in short form his opinion that the Verix and Verix V operating systems have a "virtual machine means," VeriFone did not cross-examine him on the basis for his opinion, and therefore the jury was free to accept or reject this opinion evidence. *See Symbol Techs., Inc. v. Opticon, Inc.*, 935 F.3d 1569, 1576 (Fed. Cir. 1991). The Court finds that there was substantial evidence in the record that the Verix and Verix V operating systems

- 9 -

have a "virtual machine means," and that the "virtual machines means" in both are "capable of executing programs on different computers having incompatible hardware or operating systems."

Second, VeriFone contends that CardSoft failed to present sufficient evidence that the "virtual machine means' is "capable of executing programs on different computers having incompatible hardware or operating systems." (JMOL Mot. at 15-16.) VeriFone argues that Mr. Cole failed to offer evidence "that any of VeriFone's operating systems, which he accuses as the virtual machine, executes programs" and that Mr. Cole "acknowledged that [the] application programs on VeriFone's terminals are all compiled to the native code of the microprocessor of each [terminal]." (*Id.*)

During cross-examination, Mr. Cole testified that it was his opinion that the "virtual machine means" execute the application programs. (6/5 a.m. Tr. 126:9-20.) Mr. Cole testified that it was not inconsistent for the application programs to be executed by the terminal's microprocessor and the "virtual machine means" because the claims are not limited to a "virtual machine means" that acts as an interpreter. (*Id.* at 126:21-127:6.) Moreover, CardSoft presented evidence (through the cross-examination of VeriFone's technical expert Dr. Scott Nettles) that an application program written for VeriFone's platform can be executed on VeriFone terminals having different microprocessors and operating systems by simply recompiling the source code to target a different device. (6/6 p.m. Tr. 156:14-158:25.) In other words, no modification to the source code for an application program is necessary in order for it to execute on incompatible devices. The Court finds that there is substantial evidence to support the jury's conclusion that the "virtual machine means" is "capable of executing programs on different computers having incompatible hardware or operating systems."

Lastly, VeriFone argues that there is insufficient evidence that the "emulatable" limitation is satisfied because Mr. Cole did not analyze whether the "virtual machine means" in the VeriFone terminals are capable of executing programs having an incompatible operating system. (JMOL Mot. at 17.) The Court finds that this argument has no merit in light of the Court's construction. The "emulatable" limitation only requires showing that the "virtual machine means" is capable of executing programs on different computers having 1) incompatible hardware or 2) incompatible operating systems. CardSoft presented evidence that the "virtual machine means" is capable of executing programs on different computers having incompatible hardware (e.g. different microprocessors). Therefore, there is substantial evidence to support finding infringement of the "emulatable" limitation. The Court also finds that the jury's conclusion that the "virtual machine means" and "emulatable" limitations are present in VeriFone's terminals is not against the weight of the evidence.

### 5. Verix eVo and Mx (Linux) Terminals

VeriFone contends that there is no substantial evidence of infringement by VeriFone terminals running the Verix eVo or Mx (Linux) operating systems. VeriFone argues that Mr. Cole failed to offer individualized testimony for each of these terminal operating systems, that Mr. Cole admitted to not having reviewed the source code for these terminal operating systems, and that his infringement opinions improperly rely on the testimony of VeriFone witness David Faoro that the Verix, Verix V, and Verix eVo operating systems are effectively the same program.

On direct examination, Mr. Cole testified that he understood the Mx operating system operated in the same way as the Verix operating systems (for which he reviewed source code), and that this opinion is based upon the testimony of VeriFone's fact witnesses including David Faoro. (6/5 a.m. Tr. 52:2-5; 113:1-7.) On cross-examination, Mr. Cole specifically testified that

it was his opinion that the Verix, Verix V, and Verix eVo operating systems "are effectively the same operating system for the purposes of [his infringement analysis]." (*Id.* at 132:18-24.) Mr. Cole stated that the evidence available to him showed that that "[Verix, Verix V, and Verix eVO] operating systems form a single platform that people can use." (*Id.* at 133:20-25.) With respect to the Mx operating system, Mr. Cole was specifically asked to explain why Mr. Faoro's deposition testimony (which was played for the jury) convinced him that Mx operating system operated in the same way, and Mr. Cole gave his explanation. (*Id.* at 137:2-13; 138:4-14.)

VeriFone's cross-examination clearly established for the jury that Mr. Cole's infringement opinion as to operating systems for which he did not review source code relied on fact witness testimony that was shown to the jury, and that the jury was free to consider the import of that evidence on its own. At no point did VeriFone's counsel point out any differences among the operating systems that VeriFone contends is material to infringement. In the instant motions, VeriFone does not show that there was any testimony offered at trial showing that there were any differences between the operating systems material to infringement in order to rebut Mr. Cole's opinions or the testimony offered by VeriFone's own fact witnesses. The Court finds that the record developed at trial contains substantial evidence to support the jury's finding that VeriFone terminals running the Verix, Verix V, Verix eVo, and Mx operating systems infringe in the same manner. The Court also concludes that the jury's finding was not against the weight of the evidence offered at trial.

CardSoft raises two other issues with respect to this issue. First, CardSoft argues that VeriFone waived its argument by failing to properly object to the verdict form, which only asked whether VeriFone terminals infringed the asserted claims. With respect to this argument, the Court notes that there was substantial evidence offered at trial that at least VeriFone terminals

running the Verix or Verix V operating systems directly infringe the asserted claims. Therefore, VeriFone's failure to object to the form of the verdict provides an alternative and independent basis for denying VeriFone's motion with respect to the Verix eVo and Mx terminals.

Cardsoft also argues that VeriFone failed to identify any non-infringement positions based upon differences in the source code among the accused operating systems during discovery, and therefore should be precluded from making this argument post-verdict. In light of the Court's disposition of this motion, the Court finds it unnecessary to reach this argument.

**B. Exclusion of Certain Opinions of Dr. Nettles**

VeriFone moves for a new trial on the basis that the Court improperly struck paragraphs 51, 52, and 64 of Dr. Scott Nettles' expert report (VeriFone's technical expert). (NT Mot. at 2-6.) The Court's order striking these portions of Dr. Nettles' report set forth in full the opinions that were stricken, as well as the Court's reasoning for excluding them. (*See* Mem. Order, Dkt. No. 372.) After considering the arguments of the parties, the Court is convinced that the exclusion of those opinions was proper, and that a new trial is not warranted.

## CONCLUSION

For the foregoing reasons, VeriFone's Motion for Judgment as a Matter of Law (Dkt. No. 425) is **DENIED**, and VeriFone's Corrected Motion for New Trial (Dkt. No. 432) is **DENIED**.

**SIGNED this 30th day of September, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE