IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CARDSOFT, INC., et al. | § § | |
| v. | § § | Case No. 2:08-CV-98-RSP |
| VERIFONE HOLDINGS, INC., et al. | § § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for a Permanent Injunction Under 35 U.S.C. § 283 or, in the Alternative, Imposition of an Ongoing Royalty (Dkt. No. 429).

## PERMANENT INJUNCTION

CardSoft requests that the Court issue a permanent injunction against on-going infringement by Defendants VeriFone and Hypercom.  In determining whether to issue a permanent injunction in patent cases, courts apply the four factor test provided for in *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006).  A party is entitled to a permanent injunction only if it can show: "(1) that [the party] has suffered an irreparable injury; (2) that remedies at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the [parties], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at 391.  The Supreme Court held "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards." *Id.*

After considering the arguments of the parties and the facts of this case, the Court finds that a permanent injunction is not warranted.  Although it appears that Defendants' refusal to license CardSoft's patented technology and subsequent infringement may have irreparably

harmed CardSoft in the past, there has been no persuasive showing that CardSoft will likely suffer irreparable harm in the future. CardSoft long ago stopped developing its own software products. Moreover, Defendants are in the business of providing complete payment terminals, and do not sell their infringing software to other payment terminal suppliers or terminal software suppliers. CardSoft has not explained how Defendants' on-going infringing activity will diminish their ability to license their technology to other payment terminal suppliers or terminal software suppliers.

The balance of the hardships does not favor an injunction. CardSoft suggests, without explanation, that it will suffer hardship because a compulsory license will not include business terms that it would otherwise obtain from a negotiated license. Defendants contend that a permanent injunction will cause great disruption in its business with payment terminal resellers and payment terminal end users. If an injunction is granted, Defendants will be forced to switch customers to other non-infringing payment terminals until Defendants complete the implementation of their non-infringing alternatives. The Court finds that the cost and burden associated with switching Defendants' customers to non-infringing systems weighs against granting a permanent injunction. The burden and cost associated with switching appear to be significant in comparison to value of the invention assigned by the jury. The public interest factor appears to be otherwise neutral, as the technology and products at issue do not implicate health or safety concerns. For these reasons, CardSoft's request for a permanent injunction is **DENIED**.

## ON-GOING ROYALTY

Although a permanent injunction is not warranted in this case, the Court finds that the award of an on-going royalty is appropriate. The Federal Circuit has encouraged courts to allow the parties to negotiate a license amongst them regarding the future use of a patented technology

prior to the court imposing a royalty. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 (Fed. Cir. 2007); *Telecordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1378-79 (Fed. Cir. 2010).  Now that the parties have the benefit of the Court's ruling on the post-trial motions, the Court believes that the parties should have an opportunity to mediate their ongoing royalty rate dispute.  Therefore, CardSoft's alternative motion for an enhanced on-going royalty is **GRANTED-IN-PART and DENIED-IN-PART.**  The parties are **ORDERED** to meet and confer to schedule mediation with 45 days of this order to attempt to negotiate a license.  Should the parties fail to agree regarding VeriFone's and Hypercom's future use of CardSoft's patent at the mediation, CardSoft is **ORDERED** to file a motion requesting that the Court set the on-going royalty rate.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Permanent Injunction Under 35 U.S.C. § 283 or, in the Alternative, Imposition of an Ongoing Royalty (Dkt. No. 429) is **GRANTED-IN-PART** and **DENIED-IN-PART.**  In order to provide finality to the trial while affording the parties an opportunity to negotiate an on-going royalty, the Court hereby **SEVERS** CardSoft's claim for an ongoing royalty into a separate cause of action.  *See* Fed. R. Civ. P. 21 ("The court may sever any claim against a party.").

The **Clerk is directed** to assign a new cause number for the severed claim assigned to the undersigned.

**SIGNED this 30th day of October, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE