## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CARDSOFT, INC., et al. | § | |
| | § | |
| v. | § | Case No. 2:08-CV-98-RSP |
| | § | |
| VERIFONE SYSTEMS, INC., et al. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff CardSoft's (Assignment for the Benefit of Creditors), LLC ("CardSoft") Motion for Bill of Costs (Dkt. 513, filed January 21, 2014). Having fully considered the parties' arguments and for the reasons set forth herein, the Court hereby GRANTS-IN-PART and DENIES-IN-PART Plaintiff CardSoft's Motion for Bill of Costs and ORDERS Defendants VeriFone Systems, Inc., VeriFone Inc. (collectively, "VeriFone"), and Hypercom Corporation (Hypercom") to pay CardSoft's costs in the amount of **$121,039.53**.

## BACKGROUND

The Court entered a final judgment in favor of CardSoft against Defendants VeriFone Systems, Inc., VeriFone Inc. (collectively, "VeriFone"), and Hypercom Corporation (Hypercom") (collectively, "Defendants") and awarded costs to CardSoft. (Dkt. 483). On January 21, 2014, CardSoft submitted its bill of costs totaling $181,100.86. *See* (Mot. at 2) (stating $38,234.04 of the $181,100.86 is agreed upon, and the remaining $142,866.42 is opposed). Subsequent to CardSoft's Motion for Bill of Costs, Defendants further agreed to not oppose CardSoft's costs in the amount of $69,125.72, leaving $111,974.74 opposed. (Response at 1; Reply at 1).

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as a matter of course, unless the Court directs otherwise. However, the

provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent.  The statute permits the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute. *Crawford*, 482 U.S. at 441–42.

The parties have agreed that Defendants will pay uncontested costs in the amount of $69,125.72. (Response at 1). $111,974.74 remains contested among the parties. (Reply at 1). Of the $111,974.74, Defendants oppose $27,098.66 for Fees for Printed or Electronically Recorded Transcripts, $20,832.31 for Witness Fees, $63,933.77 for Fees for Exemplification and the Costs of Making Copies, and $110 for Fees of the Clerk and Marshal. (*Id.*).

Upon review of the parties' arguments and presented evidence, the Court finds CardSoft is entitled to $69,125.72 in unopposed costs, and has met its burden in seeking to recover certain

additional costs.   The Court will disallow the $110 in service fees, the $20,712.31 in travel expenses for Ian Ogilvy (in view of his ownership interest in Plaintiff), $5,425.69 in deposition charges, and $33,812.93 in copy costs, which the Court finds were for processing and review of documents rather than copying.   Accordingly, CardSoft is entitled to its costs in the total amount of **$121,039.53**.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Plaintiff CardSoft's Motion for Bill of Costs and ORDERS Defendants VeriFone and Hypercom to pay CardSoft's costs in the amount of **$121,039.53**.

**SIGNED this 27th day of September, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE